EXHIBIT "A" TO NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF THE
11TH CIRCUIT COURT IN AND FOR
MIAMI-DADE COUNTY

KAREEM ALI,

    Plaintiff,

vs.                                CASE NO:

UNIVERSITY OF MIAMI,
a Florida Not For Profit Corporation

    Defendant.

_____/

## COMPLAINT

Plaintiff, KAREEM ALI (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, UNIVERSITY OF MIAMI, Florida Profit Corporation (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA").

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. At all times pertinent to this complaint, Plaintiff resided within Palm Beach County, Florida. Plaintiff is over the age of eighteen.

4. Plaintiff is an individual over the age of forty (40). He is therefore a member of a class protected under the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his age.

5. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Coral Gables, Florida and authorized to do business in Florida.

6. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

7. Venue is proper in Miami-Dade County because all of the actions complained of herein occurred within Miami-Dade County.

8. Plaintiff filed a Charge of Discrimination alleging discrimination on the basis of age with the Equal Employment Opportunity Commission, the Miami-Dade County Commission on Human Rights, and the Florida Commission on Human Relations.

9. Plaintiff was issued a Notice of Right to Sue on July 27, 2018. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff, over fifty (50) years of age, began employment with Defendant from on or about December 2003, as a Senior Assistant Administrator

12. Defendant did not allow Plaintiff to attend faculty meetings while other employees (younger than Plaintiff) attended and/or were invited to faculty meetings.

2

13. Additionally, Defendant changed Plaintiff's schedule while younger employees did not have to undergo schedule changes.

14. Specifically, on or about January 3, 2018, Plaintiff was ill and unable to attend work on that date; during his absence, Defendant moved Plaintiff's desk next to an individual over the age of fifty (50), who felt as isolated as Plaintiff because of the way they were treated in comparison to their younger colleagues.

15. On or about February 27, 2018, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission because of the above treatments.

16. Consequently, Defendant began to harass Plaintiff. Defendant stated that they would put him under pressure; Defendant began to micromanage Plaintiff's work although he has been working with Defendant for approximately fifteen (15) years while younger employees did not face such pressure and micromanagement.

17. Precisely, if Plaintiff were to ask a work-related question to a team member; Defendant portrayed it as a failure on Plaintiff's part. Such disparate treatment was in retaliation of Plaintiff's complaint to the Equal Employment Opportunity Commission.

18. Upon information and belief, Defendant's adverse treatment, if any, is pretextual and in retaliation for Plaintiff's complaint of discrimination.

## COUNT I
*Age Discrimination in Violation the FCRA*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

20. Plaintiff is a member of a protected class under the FCRA.

21. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to animosity based on his age.

22. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over forty (40) years old.

23. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his age was unlawful but acted in reckless disregard of the law.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of

Plaintiff's age was unlawful but acted in reckless disregard of the law.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Discrimination Based on age in Violation of Title VII*

64. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-18 of this complaint as if set out in full herein.

65. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

66. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's age, at the time fifty-six years old.

67. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, younger employees were allowed better work opportunities by not being subjected to unfair treatment.

68. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to his by Defendant.

69. The Plaintiff was qualified for the position apart from his apparent age.

70. The Plaintiff was discriminated against by his supervisor because he was fifty-six years old during the relevant period.

71. The Defendant is a sophisticated employer who has actual knowledge of the requirements of

7

Title VII of the Civil Rights Act of 1964, as amended.

72. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

73. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of Act with respect to its decision to treat Plaintiff different from other employees.

74. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was fifty-six years old, during the relevant period, in violation of the Act.

75. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

76. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's age.

77. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their age. The discrimination on the basis of age constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

8

B. Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**<u>COUNT IV</u>**
***Age Discrimination in Violation of the ADEA***

91. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

92. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

93. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

94. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

95. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

96. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

97. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

98. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

99. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

100. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

101. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation in Violation of Title VII*

102. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

103. Plaintiff is a member of a protected class under Title VII, to wit he complained of discriminatory treatment.

104. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

105. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

106. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

108. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

109. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Retaliation in Violation of the ADEA*

110. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

111. Plaintiff is a member of a protected class under the ADEA, to wit he complained of discriminatory treatment.

112. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

113. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

114. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

115. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

116. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

117. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and;

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated __8/28/18__

Respectfully submitted,

*/s/ Anthony M. Georges-Pierre*

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar Number: 118269
mhorowitz@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

15

IN THE CIRCUIT COURT OF THE 11TH
CIRCUIT COURT IN AND FOR MIAMI-
DADE COUNTY

CASE NO: 2018-029300 CA 02

KAREEM ALI,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI.
a Florida Not For Profit Corporation

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** UNIVERSITY OF MIAMI, through its Registered Agent:

    ANDREA E. ORANGE
    1320 SOUTH DIXIE HIGHWAY
    SUITE 1200
    CORAL GABLES, FL 33146

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____  _____
CLERK  DATE

_____
(BY) DEPUTY CLERK

## RETURN OF SERVICE

State of Florida      County of MIAMI-DADE      Circuit Court

Case Number: 2018-29300 CA02

Plaintiff:
**KAREEM ALI**

vs.

Defendant:
**UNIVERSITY OF MIAMI**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 10th day of September, 2018 at 8:01 am to be served on **UNIVERSITY OF MIAMI THROUGH ITS REGISTERED AGENT: ANDREA E. ORANGE, 1320 SOUTH DIXIE HIGHWAY, SUITE 1200, CORAL GABLES, FL 33146.**

I, GREG SCHULTE, do hereby affirm that on the **11th day of September, 2018 at 10:55 am**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CALEB SALAZAR** as **RISK MANAGER** of **UNIVERSITY OF MIAMI 1320 SOUTH DIXIE HIGHWAY, SUITE 1200, CORAL GABLES, FL 33146**, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GREG SCHULTE
CPS #245

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018012753

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

Fil... 7221874 E-Filed 08/30/2018 09:11:45 AM

IN THE CIRCUIT COURT OF THE 11TH
CIRCUIT COURT IN AND FOR MIAMI-
DADE COUNTY

CASE NO: 2018-029300 CA 02

KAREEM ALI,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI,
a Florida Not For Profit Corporation

    Defendant.

DATE 9-4    TIME 1053A
INITIALS C    ID# 745

## SUMMONS IN A CIVIL CASE

TO: UNIVERSITY OF MIAMI, through its Registered Agent:

    ANDREA E. ORANGE
    1320 SOUTH DIXIE HIGHWAY
    SUITE 1200
    CORAL GABLES, FL 33146

Caleb
Sal 9/29 R
R/SL
MNG

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK      9/4/2018

(BY) DEPUTY CLERK

16

12-753